John P. Sheridan
Nicholas M. Graziano
(*pro hac vice* admission pending)
Brian A. Jasinski
MAZZOLA MARDON, P.C.
26 Broadway, 17th Floor
New York, NY 10004
(212) 425-3240
jsheridan@mmmpc.com
ngraziano@mmmpc.com
bjasinski@mmmpc.com

*Attorneys for Defendants International*
*Longshoremen's Association, ILA Local 1804-1,*
*ILA Local 1233, and ILA Local 1235*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-----------------------------------------------------------------------X

INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 825,

                    Plaintiff,

               v.

INTERNATIONAL LONGSHOREMEN'S
ASSOCIATION, INTERNATIONAL
LONGSHOREMEN'S ASSOCIATION LOCAL 1233,
INTERNATIONAL LONGSHOREMEN'S
ASSOCIATION 1235, and INTERNATIONAL
LONGSHOREMEN'S ASSOCIATION LOCAL 1804-1,

                    Defendants.

-----------------------------------------------------------------------X

Civil Action No.
2:23-cv-03689

**MOTION DATE**
**SEPTEMBER 5, 2023**

**BRIEF OF DEFENDANTS**
**INTERNATIONAL LONGSHOREMEN'S ASSOCIATION,**
**ILA LOCAL 1804-1, ILA LOCAL 1233, AND ILA LOCAL 1235**
**IN SUPPORT OF THEIR MOTION TO DISMISS**

1003-611
134278

## TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................ 1

BACKGROUND AND FACTUAL ALLEGATIONS .................................................... 2

ARGUMENT ................................................................................................................... 5
   I    STANDARD OF REVIEW .................................................................................. 5

        A.    Rule 12(b)(6)............................................................................................... 5
        B.    Rule 12(b)(1)............................................................................................... 6

   II   THIS COURT MUST DISMISS THE SECTION 301(a) CLAIM BECAUSE THE
       AMENDED COMPLAINT DOES NOT ALLEGE ENOUGH FACTS TO SHOW THE
       EXISTENCE OF A CONTRACT, AND THE EXTRINSIC EVIDENCE CONFIRMS
       NO CONTRACT EXISTS......................................................................................... 7

        A.    Plaintiff Failed to Plausibly Allege the Existence of a Contract
               Between any or all of the ILA Defendants and Plaintiff ......................................... 8

        B.    Because There is No Contract, There can be No "Breach" of a Contract ............... 11

   III  PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF BECAUSE
       PLAINTIFF CANNOT RECOVER DAMAGES OR EQUITABLE RELIEF ............... 13

CONCLUSION……………………………………………………………………………..15

1003-611
134278

# TABLE OF AUTHORITIES

**Cases**                                                                                     **Page(s)**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................... 5, 6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................ 5

*Berardi v. Swanson Mem'l Lodge No. 48 of Fraternal Order
 of Police*, 920 F.2d 198 (3d Cir. 1990) ..................................................... 7

*Brown v. Agway Energy Servs., LLC*, 328 F. Supp. 3d 464
 (W.D. Pa. 2018), aff'd, 822 F. App'x 100 (3d Cir. 2020) ........................... 6

*Cephas v. Int'l Longshoremen's Ass'n*, No. 1:16-cv-00316-RGA, 2018 WL 4326939
 (D. Del., Sept. 10, 2018) .................................................................. 13

*Coyle v. Englander's*, 199 N.J. Super. 212 (App. Div. 1985) ...................................... 9

*Drywall Tapers Local 1974 v. Local 1530 Operative Plasterers*,
 36 F.3d 235 (2d Cir. 1994) ............................................................... 14

*Eprotec Pres., Inc. v. Engnr'd Mat's, Inc.*, 10-cv-5097, 2011 WL 867542
 (D.N.J. Mar. 9, 2011) ...................................................................... 9

*Exec. Bd. of Transp. Workers Union of Phila., Local 234 v. Transp. Workers Union*,
 338 F.3d 166 (3d Cir. 2003) .............................................................. 13

*Figueroa v. City of Camden*, 580 F. Supp. 2d 390 (D.N.J. 2008) .............................. 11

*Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) ........................................ 5

*Frederico v. Home Depot*, 507 F.3d 188 (3d Cir. 2007) ............................................ 9

*Gant v. Ragone*, 20-cv-01727(RBK)(KMW), 2020 WL 679125
 (D.N.J. Nov. 19, 2020) .................................................................... 14

*Gelman v. State Farm Mut. Ins. Co.*, 583 F.3d 187 (3d Cir. 2009) ............................ 6

*Gherardi v. Bd. of Ed. of City of Trenton*, 53 N.J. Super. 349 (App. Div. 1958) ........ 11

*Globe Motor Co. v. Igdalev*, 225 N.J. 469 (2016) .................................................... 9

*Gould Elecs., Inc. v. United States*, 220 F.3d 169 (3d Cir. 2000) ............................... 7

*In re Volkswagen Timing Chain Prod. Liab. Litig.*, 16-cv-2763, 2017 WL 1902160
(D.N.J. May 8, 2017) ................................................................................................ 11

*Int'l Ass'n of Machinists & Aerospace Workers v. Aerospace Div.,
UOP, Inc.*, 580 F.Supp. 641 (D. Conn., 1984) ........................................................ 8

*Kayal v. Signal Hill Realty Corp.*, 17-cv-3565 (BRM)(DEW), 2018 WL 4110950
(D.N.J. Aug. 29, 2018) ......................................................................................... 11, 12

*Kehr Packages v. Fidelcor, Inc.*, 926 F.2d 1406 (3d Cir. 1991) ................................... 6

*Khorchid v. 7-Eleven, Inc.*, 18-cv-8525 (JBS)(JS), 2018 WL 5149643
(D.N.J. Oct. 22, 2018) ............................................................................................ 9, 12

*Liafom, LLC v. Big Fresh Pictures*, 10 Civ. 0606 (JLL),
2011 WL 3841323 (D.N.J. Aug. 24, 2011) ............................................................... 6

*Mayer v. Belichick*, 605 F.3d 223 (3d Cir. 2010) .................................................... 5, 6

*Montville Twp. v. Woodmont Builders, LLC,*
244 F. App'x 514 (3d Cir. 2007) ............................................................................... 5

*Mortensen v. First Fed. Sav. & Loan Ass'n,*
549 F.2d 884 (3d Cir. 1977) ............................................................................... 2, 6, 7

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*,
998 F.2d 1192 (3d Cir. 1993) ..................................................................................... 6

*Phillips v. Cnty. of Allegheny*, 515 F.3d 224 (3d Cir. 2008) ...................................... 5

*Rae v. United Parcel Service of Pa.*, 356 F. Supp. 465 (D. Pa. 1973) .......................... 8

*Ruddy v. U.S. Postal Serv.*, 455 F. App'x 279 (3d Cir. 2011) ..................................... 6

*Santiago v. Warminster*, 629 F.3d 125 (3d Cir. 2010) ............................................... 8

*Sheet Metal Workers Int'l Ass'n Local Union No. 27 v. E.P. Donnelly, Inc.*,
737 F.3d 879 (3d Cir. 2013) ...................................................................................... 9

*Skypala v. Mortg. Elect. Reg. Sys., Inc.*, 655 F. Supp. 2d 451 (D.N.J. 2009) ............... 9

*Smith v. Evening News Ass'n*, 371 U.S. 195 (1962) ................................................... 13

*Trustees of Int'l Union of Painters & Allied Trades Dist. Council 711
Health & Welfare Fund v. Sky High Mgmt., LLC.*, No. 19-cv-14638 (KSH),
2020 WL 1698784 (D.N.J. April 7, 2020) ............................................................ 8, 12

iii

*U.S., ex rel. Pilecki-Simko v. Chubb Inst.*,
    443 F. App'x 754 (3d Cir. 2011) ........................................................... 5

*United Food & Commc'l Workers Union, Local 7 v. Gold Star Sausage, Co.*,
    897 F.2d 1022 (10th Cir. 1990) ............................................................ 8

**Statutes**

29 U.S.C. § 101, *et seq.*................................................................................ 14
29 U.S.C. § 185(a) ...................................................................... *passim*

**Rules**

Fed. R. Civ. P. 12(b)(1)....................................................................... 1, 2, 6, 7
Fed. R. Civ. P. 12(b)(6)....................................................................... 1, 2, 5, 6

**Miscellaneous**

Black's Law Dictionary (10th Ed. 2014)........................................................ 11

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-----------------------------------------------------------------------X

INTERNATIONAL UNION OF OPERATING                                   :
ENGINEERS, LOCAL 825,                                             :
                                                                 :
                Plaintiff,                     :
                                                                 :
        v.                                          :
                                                                 :     Civil Action No.
INTERNATIONAL LONGSHOREMEN'S                                      :     2:23-cv-03689
ASSOCIATION, INTERNATIONAL                                       :
LONGSHOREMEN'S ASSOCIATION LOCAL 1233,                           :   **MOTION DATE**
INTERNATIONAL LONGSHOREMEN'S                                     :   **SEPTEMBER 5, 2023**
ASSOCIATION 1235, and INTERNATIONAL                              :
LONGSHOREMEN'S ASSOCIATION LOCAL 1804-1,                         :
                                                                 :
                Defendants.                    :
                                                                 :
-----------------------------------------------------------------------X

## BRIEF OF DEFENDANTS
### INTERNATIONAL LONGSHOREMEN'S ASSOCIATION,
### ILA LOCAL 1804-1, ILA LOCAL 1233, AND ILA LOCAL 1235
### IN SUPPORT OF THEIR MOTION TO DISMISS

### INTRODUCTION

Defendants International Longshoremen's Association, ("International"), ILA Local
1804-1 ("Local 1804-1"), ILA Local 1233 ("Local 1233"), and ILA Local 1235 ("Local 1235")
(collectively, "Defendants" or "ILA") submit this brief in support of their motion to dismiss the
Amended Complaint ("AC") filed by Plaintiff International Union of Operating Engineers, Local
825's ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) of the Federal Rules of Civil
Procedure.

Plaintiff's lawsuit against the ILA entities contains a single claim:  an alleged "breach of
labor agreement" pursuant to Section 301(a) of the Labor Management Relations Act

("LMRA"), 29 U.S.C. § 185(a).  When filing its initial complaint, and it subsequent amended complaint, Plaintiff evidently made the deliberate decision not to attach the one-page document that purportedly constitutes the "letter of understanding" ("LOU"), this purported labor agreement.  A review of the actual document reveals why Plaintiff elected not attach it: it simply does not come close to being a contract or legal agreement.

Accordingly, this brief will show that the AC must be dismissed under Rule 12(b)(6) because it fails to plausibly allege the existence of any contract between the ILA and the Plaintiff, and therefore fails to state a claim for breach of that supposed contract under 29 U.S.C. § 185(a). Moreover, because federal subject-matter jurisdiction under Section 301(a) is predicated on the existence of a "contract between labor organizations," the failure to plead the existence of such a contract deprives this Court of jurisdiction, thereby requiring dismissal under Rule 12(b)(1).  *See* 29 U.S.C § 185(a).  In addition, the ILA unions have attached to this brief the LOU referenced by Plaintiff as Exhibit A to this brief.  *See Certification of John P. Sheridan*, ¶ 2.  This Court is entitled to review and rely on this exhibit under both Rule 12(b)(1) and 12(b)(6). This exhibit confirms that Plaintiff will be unable to cure any defects in its pleading in any future amended complaints, and, as a result, this Court should dismiss the claim with prejudice.

## BACKGROUND AND FACTUAL ALLEGATIONS

On July 10, 2023, the IUOE filed a Complaint, ECF #1, alleging that at some point between January 2023 and June 2023, an unnamed member or officer of either the ILA, ILA Local 1233, ILA Local 1235, or ILA Local 1804-1 approached an unnamed employee or representative of PNCT and threatened or coerced this unnamed employee of PNCT with the object of removing the IUOE from a crane construction project in the Port of Newark.

On July 19, 2023, Plaintiff filed the AC.  ECF #5.  The AC contains just one claim: "Breach of Labor Agreement between Local 825 and ILA" under Section 301(a) of the LMRA, 29 U.S.C. § 185 (a).  ECF #5, at 12.

The AC does not immediately describe this "Labor Agreement;" instead it discusses in detail various **other** agreements to which the ILA is not a party:  for example, various contracts relating to the installation of new ship-to-shore cranes (the "Project") at Port Newark Container Terminal ("PNCT"). ECF #5, ¶ 9-19.  Specifically, the AC describes PNCT's contract with Liebherr Container Cranes, Ltd. ("Liebherr"), and also Liebherr's subcontract with Bay Crane Services, Inc. ("Bay Crane"), as well as Bay Crane's collective bargaining agreement with the Plaintiff.

A description of the supposed agreement between ILA and the Plaintiff does not begin until Paragraph 20 of the AC, and that description is vague: "Defendants, upon information and belief, sought to specifically delineate the scope and duration of the work that the members of Local 825 [and other unions] would perform at the Project."  ECF #5, ¶ 21.  The AC further alleges "upon information and belief, the ILA Locals caused and directed PNCT's Director of Engineering & Equipment Services, Calogero 'Charlie' Ferlisi, to contact Bay Crane and inform it that Defendants required all other trade union locals (including Local 825 . . .), to enter into an agreement with Defendants known as a Letter of Understanding (the 'Agreement' or 'LOU')." ECF #5, ¶ 23.  The AC goes on to describe communications among PNCT, Bay Crane, and Plaintiff about the ILA's alleged "request" for the "LOU," but there are no allegations that Plaintiff ever communicated directly with an agent of any of the ILA Defendants. ECF #5, ¶ 25-26.

The AC then surmises that Plaintiff "accepted Defendants' request, and entered into the LOU with Defendants," but quotes no language from the LOU that reflects any sort of mutual agreement.  ECF #5, ¶ 27.  Nor are any facts alleged about how the LOU was "entered into" or who acted as agents for each of the four ILA Defendants.  Indeed, the allegations suggest that the LOU was simply a document that Plaintiff conveyed through intermediaries, and Plaintiff has no direct knowledge of whether the ILA even received it: "Upon information and belief, Bay Crane provided each of these LOUs to PNCT and Defendants, no later than February 1, 2023." ECF #5, ¶ 32.

A true copy of the actual LOU is attached to the Certification of John P. Sheridan as Exhibit "A."  It is a one-page document on Plaintiff's letterhead.  It consists of two terse paragraphs and states, in full, as follows:

> On behalf of the International Union of Operating Engineers, Local 825 ("Local 825"), this letter of understanding is being provided to the International Longshoreman Association ("ILA") to confirm that Local 825 signatory(s) have been hired by OEM Liebherr Cranes to erect, assemble and weld 2 Ship to Shore cranes arriving at PNCT starting March 2023.
>
> This letter is to verify that Local 825 will not retain any jurisdiction for future maintenance, repairs or modifications to this equipment outside of the contracted scope of this project, and once the cranes have been commissioned and accepted by PNCT.

This letter is addressed to the "International Longshoremen Association" "via electronic mail" but no email address is included.  It is signed solely by "Lino Santiago," whom the AC identifies as Local 825's Business Representative.  ECF #5, ¶ 17.

A cursory review of the LOU shows that it is not a "contract between labor organizations" within the meaning of Section 301, nor otherwise.  Because the AC fails to allege

a plausible violation of Section 301 against the ILA or any of its local union affiliates, it must be dismissed.

## ARGUMENT

## I

## STANDARD OF REVIEW

### A.      Rule 12(b)(6)

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also U.S., ex rel. Pilecki-Simko v. Chubb Inst.*, 443 F. App'x 754 (3d Cir. 2011).  A complaint must contain "either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Montville Twp. v. Woodmont Builders, LLC*, 244 F. App'x 514, 517 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 562).  However, "a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

To do this the "complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Mayer v. Belichick*, 605 F.3d 223, 229–30 (3d Cir. 2010), citing *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & n. 3 (2007)).  This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  A claim only possesses such plausibility "'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged.'"  *Gelman v. State Farm Mut. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

In deciding a Rule 12(b)(6) motion, a court must typically consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon these documents.  *Mayer*, 605 F.3d at 230 (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  Thus, the Plaintiff's failure here to attach the LOU, integral to the allegations within the AC, permits this Court to review the text of this extrinsic document.  *Brown v. Agway Energy Servs., LLC*, 328 F. Supp. 3d 464 (W.D. Pa. 2018), aff'd 822 F. App'x 100 (3d Cir. 2020); *Mayer*, 605 F.3d at 223 (holding a district court is free to consider a document so long as the allegations of the complaint are based on the document); *Ruddy v. U.S. Postal Serv.*, 455 F. App'x 279, 283 (3d Cir. 2011) (unpublished) (approving district court's consideration, on a motion to dismiss, of plaintiff's EEOC file based, in part, on the fact that the EEOC file was "integral to [the plaintiff's claim]").

## B.     Rule 12(b)(1)

Likewise, when a defendant brings a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the plaintiff has the burden of persuasion to convince the court that it has jurisdiction.  *See Kehr Packages v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)); *see also Liafom, LLC v. Big Fresh Pictures*, 10 Civ. 0606 (JLL), 2011 WL 3841323, at *2 (D.N.J. Aug. 24, 2011) (citing.*White*, 998 F.2d at 1196 ("[O]nce a 12(b)(1) challenge is raised, the burden shifts to the plaintiff to demonstrate the existence of subject matter jurisdiction").

1003-612
134278

Where a motion to dismiss creates a factual issue regarding subject matter jurisdiction, there is no presumption of truthfulness to the jurisdictional allegations in the complaint.  *See Mortensen*, 549 F.2d at 891.  In assessing a Rule 12(b)(1) motion, the parties may submit, and the court may consider other relevant evidence outside the pleadings.  *See Berardi v. Swanson Mem'l Lodge No. 48 of Fraternal Order of Police*, 920 F.2d 198, 200 (3d Cir. 1990); *see also Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) ("In reviewing a factual attack [under 12(b)(1)], the court may consider evidence outside the pleadings.").

Thus, under either standard, the Court may review the LOU to determine whether the Court has jurisdiction over the allegations in the AC and to determine whether Plaintiffs have stated a claim for relief.

## II

**THIS COURT MUST DISMISS THE SECTION 301(a)
CLAIM BECAUSE THE AMENDED COMPLAINT DOES NOT ALLEGE
ENOUGH FACTS TO SHOW THE EXISTENCE OF A CONTRACT, AND
THE EXTRINSIC EVIDENCE CONFIRMS NO CONTRACT EXISTS**

Section 301 of the LMRA, 29 U.S.C. § 185(a), confers federal jurisdiction over suits for violations of contracts between certain entities:

**(a) Venue, amount, and citizenship**

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

However, since the statutory language specifies a "contract," a contract must actually exist.  "There can be no action under LMRA to enforce a non-existent contract.  Jurisdiction

7

under the LMRA extends only to breaches of contracts." *Int'l Ass'n of Machinists & Aerospace Workers v. Aerospace Div., UOP, Inc*., 580 F.Supp. 641, 644 (D. Conn., 1984) (citing 29 U.S.C. § 185(a)).   Thus, if there is no valid contract, there is no federal jurisdiction.   *United Food & Commc'l Workers Union, Local 7 v. Gold Star Sausage, Co.*, 897 F.2d 1022, 1026-27 (10th Cir. 1990) (offer without acceptance is not contract conferring federal court with jurisdiction to hear § 301 claim); *Rae v. United Parcel Service of Pa*., 356 F. Supp. 465, 468 (D. Pa. 1973) ("It is axiomatic that, to show a contract violation, one must first have a contract or at least an agreement in force . . . Without a contract, this court still has no jurisdiction.").

     As shown in more detail below, the claim fails under both 12(b)(1) and 12(b)(6) because the vague, conclusory allegations in the AC, when reviewed in light of the actual LOU, are not enough to allege the existence of any contract between Plaintiff and the ILA Defendants.   In addition, Exhibit A shows that the "letter of understanding" was not a contract under New Jersey law and therefore not a "contract between labor organizations" under Section 301(a) of the LMRA.

### A.      Plaintiff Failed to Plausibly Allege the Existence of a Contract Between any or all of the ILA Defendants and Plaintiff

     The AC's allegation that the ILA and Plaintiff "entered into" some sort of agreement is pure legal conclusion.   ECF # 5, ¶ 29.   Because there is no language in the LOU that can support that conclusion, the conclusion should be ignored by this Court.   *Santiago v. Warminster*, 629 F.3d 125, 130 (3d Cir. 2010) (legal conclusions are not entitled to the assumption of truth).

     It is well settled that a claim under Section 301(a) action is evaluated under the same elements as a state-law breach-of-contract claim.   *E.g.*, *Trustees of Int'l Union of Painters & Allied Trades Dist. Council 711 Health & Welfare Fund v. Sky High Mgmt., LLC.*, No. 19-cv-14638 (KSH), 2020 WL 1698784, at *3 (D.N.J. April 7, 2020).   It is also well settled that the

three elements of a claim for breach-of-contract in New Jersey are (1) the existence of a valid contract "containing certain terms" (*i.e.*, language that reflects an offer, acceptance, consideration, and mutual assent and intent to be bound); (2) a failure of the defendant to perform its obligations under the contract; and (3) a causal relationship between the breach and the plaintiff's alleged damages. *See Globe Motor Co. v. Igdalev*, 225 N.J. 469, 482 (2016); *Sheet Metal Workers Int'l Ass'n Local Union No. 27 v. E.P. Donnelly, Inc.*, 737 F.3d 879, 900 (3d Cir. 2013) (citing *Coyle v. Englander's*, 199 N.J. Super. 212 (App. Div. 1985)).

Here, Plaintiff's complaint is deficient on the very first element:  the actual existence of a contract between the ILA and Plaintiff.  There is a no language quoted in the AC or otherwise in the attached LOU that show offer, acceptance, consideration or mutual assent. The gist of Plaintiff's complaint is that the ILA entities promised Plaintiff that the ILA would not ask PNCT to remove Plaintiff's employer until the crane construction was completed.  But Plaintiff cannot point to anywhere in the LOU where this promise was actually made.

A failure to allege the specific provisions of contracts breached or merely making conclusory allegations of the obligations that one party has assumed is grounds for dismissal. *Khorchid v. 7-Eleven, Inc.*, 18-cv-8525 (JBS)(JS), 2018 WL 5149643, at *8-9 (D.N.J. Oct. 22, 2018) (citing *Skypala v. Mortg. Elect. Reg. Sys., Inc.*, 655 F. Supp. 2d 451, 459 (D.N.J. 2009)) (dismissing claim where "the Complaint does not identify the provisions Plaintiff asserts were breached."); *see also Eprotec Pres., Inc. v. Engn'rd Mat's, Inc.*, 10-cv-5097, 2011 WL 867542, at *8 (D.N.J. Mar. 9, 2011) ("Under New Jersey law, a complaint alleging breach of contract must, at a minimum, identify the contracts **and provisions breached.**") (emphasis added); *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007) (affirming dismissal of breach of contract claim for failing to allege facts to elements of breach of contract claim).

Here, Plaintiff failed to allege any specific language in the LOU that imposes any obligations on the ILA.  *See* ECF #5 ¶¶ 28-30. And review of the actual LOU shows no such language: the LOU is nothing more than Plaintiff's offer to the ILA.  **Ex. A**.  A cursory review of the language of the purported contract shows that the LOU imparts no obligation on the ILA to guarantee the IUOE work in the Port.[1]  *Id*. (purported agreement which does not state any obligation undertaken by the ILA Defendants).  The AC quotes the LOU as stating that it "'is being provided to the International Longshoreman Association ("ILA") to confirm that Local 825 signatory(s) have been hired by OEM [original equipment manufacturer] Liebherr…to erect, assemble and weld 2 Ship to Shore cranes arriving at PNCT starting March 2023.'" ECF #5, ¶ 28. Also, the AC quotes the LOU as saying that "'Local 825 will not retain any jurisdiction for future maintenance, repairs or modifications to this equipment outside of the contracted scope of this [P]roject, and once the cranes have been commissioned and accepted by PNCT.'"  ECF #5, ¶ 28.  Likewise, the AC further quotes the LOU as saying that "'once the [C]ranes ha[d] been commissioned and accepted by PNCT,' Local 825 would 'not [have] any jurisdiction for future maintenance, repairs or modifications to' the Cranes.'"  ECF #5, ¶ 29.  All three quotations are representations or promises made by Plaintiff.  The AC quotes no language from the LOU that imposes any obligations on the ILA, and a review of the LOU shows that there is no such language.

Even if the LOU imposed obligations on the ILA; there is nothing alleged in the AC or written in the LOU that shows that the ILA assented to the language in the LOU.  The letter is addressed to "International Longshoremen's Association" without any specific address and is signed by someone named Lino Santiago (evidently a business representative of the Plaintiff,

---

[1] Nor could they, because none of the ILA Defendants are employers in the Port or employers of the IUOE-represented bargaining unit.

although the document does not specify his title), but not anyone from any of the ILA Defendants.  **Ex. A**; ECF #5, ¶¶ 28-29.  It is not clear whether the document was even delivered to the ILA:  the AC alleges "on information and belief" that Bay Crane delivered the document. But even if Bay Crane did deliver it, there is no allegation or evidence of a written assent or acknowledgement by the ILA.   Indeed, there is no allegation of even oral assent or acknowledgment by the ILA, because there is no allegation that Plaintiff ever spoke directly to any agent of the ILA entities.[2]

**B.     Because There is No Contract, There can be No "Breach" of a Contract**

The AC goes on to make conclusory allegations about the ILA's supposed "breach" of their promises to Plaintiff.  But given that the Defendants made no promises, any supposed "breach" is illusory. Where defendants "[do] not have any contractual obligations or agreement with plaintiff, they [cannot], **under any theory**, be liable to him for any breach of contract since clearly there was no privity of contract between the parties."  *Kayal v. Signal Hill Realty Corp.*, 17-cv-3565 (BRM)(DEW), 2018 WL 4110950, at * 6 (D.N.J. Aug. 29, 2018) (citing *Gherardi v. Bd. of Ed. of City of Trenton*, 53 N.J. Super. 349, 360 (App. Div. 1958)) (emphasis added); *see also Figueroa v. City of Camden*, 580 F. Supp. 2d 390, 408 (D.N.J. 2008) (dismissing breach of contract claim where plaintiff did not allege that he was in privity with defendants).

"Basic contract law requires parties to be in privity with each other in order for them to enforce the terms of a contract."  *In re Volkswagen Timing Chain Prod. Liab. Litig.*, 16-cv-2763, 2017 WL 1902160, at *8 (D.N.J. May 8, 2017) (citing Black's Law Dictionary (10th Ed. 2014)). Since the parties never entered into a contract, no privity of contract between Plaintiff and ILA

---

[2] The AC also alleges the existence of other LOUs with labor organizations that are not parties to the instant suit. ECF #5, ¶¶ 30-31.  Accordingly, these allegations are irrelevant.

Defendants can be established, and therefore the ILA cannot be held liable for a supposed "breach."  *See Kayal*, 2018 WL 4110950, at * 6.

All the LOU states is Plaintiff's IUOE's intention that it "will not retain any jurisdiction for future maintenance, repairs or modifications to [the ship-to-shore cranes] outside of the contracted scope of this project, and once the cranes have been commissioned and accepted by PNCT.'" ECF #5 ¶ 30; **Ex. A**.  No privity of contract between the Plaintiff and ILA Defendants can be established.  *Kayal*, 2018 WL 4110950, at * 6.  Undeterred, through this one-sided assurance, Plaintiff attempts to characterize its own promise as a reciprocal guarantee from the ILA that the ILA will permit Plaintiff to perform work on the Project.  This general inference does not plead a violation of a specific provision of the LOU, nor a breach of an obligation imposed upon the ILA by the LOU.  *See Khorchid*, 2018 WL 5149643, at *8-9; *Sky High Mgmt., LLC.*, 2020 WL 1698784, at *2 (reviewing express terms of CBA to determine employer's obligations to contribute to benefit funds).

Regardless, the AC's allegations about the purported breach are vague and conclusory. The AC alleges that the ILA was responsible for PNCT's decision to remove Plaintiff's workers from the crane project: "Defendants told PNCT (or otherwise caused PNCT to believe) that Defendants would strike or otherwise stop all work at Port Newark unless: (a) Local 825 workers were removed from the Project, and (b) ILA workers were allowed to perform Local 825's work at the Project," and the AC then alleges that the ILA forced PNCT to remove Bay Crane from the project. ECF #5, ¶¶ 33-36.  But the AC alleges no facts in support of these conclusions, other than the fact that PNCT did fire Bay Crane, thereby removing Plaintiff's workers from the project.  ECF #5, ¶¶ 36-37.  But there are no allegations about how this removal was caused by the ILA, or which agent from which ILA entity made these supposed demands, and no

allegations about what agent of PNCT these demands were addressed to.[3]   There are also no allegations explaining precisely how the Defendants exercise any degree of control over what subcontractors are hired and fired by PNCT.  ECF #5, ¶¶ 42-47.[4]

### III

### PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF BECAUSE PLAINTIFF CANNOT RECOVER DAMAGES OR EQUITABLE RELIEF

In Paragraph 62 of the AC, Plaintiff demands damages for lost wages on the Project. Compensatory damages are **not** automatically available under Section 301, and the express agreement between the parties will govern whether they are an available remedy.  *See Drywall Tapers Local 1974 v. Local 1530 Operative Plasterers*, 36 F.3d 235, 238 (2d Cir. 1994) (holding that damages should only be available "in **some exceptional cases**" where the express terms of the contract permit damages).[5]   There is no provision for damages in the two-paragraph LOU, so they cannot be recovered from the Defendants.

Plaintiff also seeks punitive damages "[b]ecause Defendants' conduct was willful and malicious".  ECF #5, ¶ 51.  Punitive damages may not generally be awarded in breach of contract

---

[3] Similarly, the AC describes at length the ILA's supposed interference with **other** subcontractors that hired Plaintiff's workers for **other** projects at PNCT.  ECF #5¶¶ 41-47. The AC makes no attempt to link these alleged situations to the original Project or to the "LOU" so the allegations are superfluous and irrelevant.

[4] Even if the Court were to accept these conclusory allegations as true, it is irrelevant, because, as stated above, the ILA made no promises at all.  So there was no promise by the ILA to refrain from making PNCT fire Bay Crane, and so the ILA was free to do so.

[5] *Drywall Plasters* also presents a very rare Section 301 case. In almost all other scenarios, the Section 301 claim involves a dispute between an employer and its bargaining representative (which is obviously not applicable here) or between labor organizations.   Federal courts systematically interpret the language "suits between labor organizations" as (1) a suit between the member of a labor organization and its bargaining unit representative for breach of its constitution or bylaws, *Cephas v. Int'l Longshoremen's Ass'n*, No. 1:16-cv-00316-RGA, 2018 WL 4326939 (D. Del., Sept. 10, 2018); (2) between a subordinate labor organization and superordinate labor organization for a breach of the same, *Exec. Bd. of Transp. Workers Union of Phila., Local 234 v. Transp. Workers Union*, 338 F.3d 166, 170 (3d Cir. 2003); or (3) a suit between a member and its bargaining unit for the latter's acquiescence to an employer's breach of the CBA (the so-called hybrid DFR claim), *e.g., Smith v. Evening News Ass'n*, 371 U.S. 195, 199 (1962).  The LOU clearly is not a collective bargaining agreement, nor is it a "contract between labor organizations" in the statute's regular meaning.  As explained *supra*, the LOU is not even a contract.

actions, and Section 301 claims are no different.  *See Drywall Tapers & Pointers*, 36 F.3d at 240; *see also Gant v. Ragone*, 20-cv-01727(RBK)(KMW), 2020 WL 679125, at *10 (D.N.J. Nov. 19, 2020) ("[T]o succeed on a punitive damages claim, a plaintiff must show that the defendant acted with '(1) actual malice, which is nothing more or less than intentional wrongdoing, an evil-minded act; or (2) an act accompanied by a wanton and willful disregard of the rights of another.'" ) (quotation omitted).  Aside from the conclusory allegation of malice in Paragraph 51 of the AC, Plaintiff has not pleaded any malicious or evil-minded act by the Defendants.

Finally, Plaintiff seeks injunctive relief, but the Norris LaGuardia Act prohibits this Court from awarding injunctive relief, except in very limited circumstances not present here.  29 U.S.C. § 101, *et seq*.

Accordingly, Plaintiff has failed to state a claim for relief.

14

**CONCLUSION**

For all the foregoing reasons, Defendants International Longshoremen's Association, ILA Local 1804-1, ILA Local 1233, and ILA Local 1235 respectfully request that this Court grant their motion to dismiss the AC with prejudice.

Dated: August 30, 2023

Respectfully submitted,

/s/ John P. Sheridan
John P. Sheridan
Nicholas M. Graziano
(*pro hac vice* pending)
Brian A. Jasinksi
Mazzola & Mardon, P.C.
26 Broadway, 17th Floor
New York, New York 10004
T: (212) 425-3240
jsheridan@mmmpc.com
ngraziano@mmmpc.com
bjasinski@mmmpc.com

*Attorneys for Defendants International Longshoremen's Association, ILA Local 1804-1, ILA Local 1233 and ILA Local 1235*

15

## CERTIFICATE OF SERVICE

I hereby certify that on the August 30, 2023, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record, including Plaintiff's counsel, by operation of the court's electronic filing system.

Date:   August 30, 2023

/s/John P. Sheridan
John P. Sheridan

16

1003-612
134278