## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 825,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, INTERNATIONAL LONGSHOREMEN'S ASSOCIATION LOCAL 1233, INTERNATIONAL LONGSHOREMEN'S ASSOCIATION LOCAL 1235, AND INTERNATIONAL LONGSHOREMEN'S ASSOCIATION LOCAL 1804-1,<br><br>Defendants. | Civil Action No. 2:23-cv-03689-KM-JRA<br><br><br>**JOINT PROPOSED DISCOVERY PLAN**<br><br>**Rule 16 Conference – October 16, 2023** |

1.      Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

**Attorneys for Plaintiffs:**

Vincent M. Giblin, Esq.
Alexander Hemsley, III, Esq.
Kegan T. Sheehan, Esq.
DeCotiis, FitzPatrick, Cole & Giblin, LLP
61 South Paramus Road, Suite 250
Paramus, New Jersey 07652
Tel: (201) 928-1100
Fax.: (201) 928-0588
VGiblin@decotiislaw.com
AHemsley@decotiislaw.com
KSheehan@decotiislaw.com

#3334904

**Attorneys for Defendants:**

John P. Sheridan, Esq.
Nicholas Graziano, Esq.
Brian Jasinski, Esq.
Mazzola Mardon, P.C.
26 Broadway, 17th Floor
New York, New York 10004
Tel: (212) 425-3240
Fax.: (212) 509-8952
JSheridan@mmmpc.com
NGraziano@mmmpc.com
BJasinski@mmmpc.com

2.      Set forth a brief description of the case, including the causes of action and defenses asserted.

**Plaintiffs:**

The International Union of Operating Engineers Local 825 (the "Union" or "Plaintiff") has filed this lawsuit against the International Longshoremen's Association, the International Longshoremen's Association Local 1233, the International Longshoremen's Association Local 1235, and the International Longshoremen's Association Local 1804-1 (collectively, "Defendants" or the "ILA") in the United States District Court – District of New Jersey, seeking monetary and injunctive relief as a result of the Defendants' breach of a binding contract known as a Letter of Understanding ("LOU") between the Union and Defendants.

By way of background, this lawsuit arises from the installation of two container cranes at the Port Newark Container Terminal that is located at 241 Calcutta Street, Newark, New Jersey (the "Terminal"). Port Newark Container Terminal, LLC ("PNCT") operates the Terminal.

Sometime prior to December 2022, PNCT entered into a contract with Liebherr Container Cranes, Ltd. ("Liebherr"), whereby Liebherr agreed to manufacture, assemble and erect two new "Ship To Shore" container cranes (the "Cranes") at the Terminal. Liebherr, in turn, entered into a Subcontract with Bay Crane Services, Inc. ("Bay Crane"), whereby Bay Crane specifically agreed to provide labor, equipment, materials and services that were necessary to assemble and erect the Cranes at the Terminal (the "Crane Project" or "Project").  Since the Crane Project required the performance of work covered by the Collective Bargaining Agreement between Bay Crane and the Union, operators from the Union were assigned to perform work on the Project.

Importantly, *both* the Union and Defendants perform work involving cranes. Thus, prior to the commencement of work on the Project, Defendants specifically sought to delineate the scope and duration of the work that the Union members would perform vis-à-vis the Crane Project, so that industrial and labor peace would be maintained between Defendants and the Union. Consistent with that goal, *Defendants* demanded that the Union enter into the LOU. This LOU outlined the

#3334904

scope of work that the Union members would perform, and the work that Defendants would then perform. The Union agreed to the LOU, and began performing work on the Project.

However, in breach of this LOU, Defendants told PNCT (or otherwise caused PNCT to believe) that Defendants would strike or otherwise stop all work at Port Newark unless: (a) the Union's operators were removed from the Project, and (b) ILA workers were allowed to perform the Union's work at the Project. As a result of Defendants' efforts, Union operators were removed from the Project. Defendants' threats even caused PNCT to cancel the work of other employers affiliated with the Union. As a result, the Union (and its operators) have suffered and continue to suffer damages.

The Union thus filed the present lawsuit, under Section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. §185.  The Union has alleged that the LOU is a labor agreement between the Union and Defendants, and that Defendants breached the LOU by attempting to secure the Union's covered work for their own members. The Union seeks a judgment restraining and permanently enjoining Defendants from violating the LOU, and adjudging Defendants bound by the terms of the LOU, and further seeks a judgment in favor of the Union for money damages in the amount of lost wages, benefits, dues, and assessments for all affected bargaining unit members of the Union.

**Defendants:**

Plaintiff has sued the International Longshoremen's Association ("ILA"); Local 1233, ILA; Local 1235, ILA; and Local 1804-1, ILA (collectively, "Defendants" or "ILA") for an alleged breach of a labor agreement between the parties under Section 301(a) of the LMRA, to which Defendants argue that no such agreement exists.  Plaintiff's pleadings do not specify any language that reflects an express mutual agreement or understanding between the parties concerning reasonably specific terms or an intention to be bound.  While Plaintiff contends that Defendants acted through an agent to convey a purported offer, it is not readily apparent from the face of the alleged contract – the letter of understanding ("LOU") – nor through Plaintiff's conclusory pleadings, that the parties were bound by a valid contract (*i.e.*, offer, acceptance, consideration), or in any way objectively manifested an intent to be bound.

Defendants have moved to dismiss the amended complaint and respectfully seek to stay discovery, as the only issue is whether the LOU constitutes a valid and binding contract. Defendants will be unfairly prejudiced if discovery is allowed to proceed, as they will be obligated to expend time on answering discovery demands and depositions, because of an illusory "contract" that they never were even aware of.  On the other hand, a stay of discovery would not prejudice Plaintiff's trial preparation and strategy pending the motion to dismiss on its sole cause of action for breach of contract.

3.      Have settlement discussions taken place? Yes _____   No ___✓_____

(a)      What was plaintiff's last demand?

(1)      Monetary demand: $ N/A_____

   (2)  Non-monetary demand: <u>N/A</u>

  (b)  What was defendant's last offer?

   (1)  Monetary offer: $ <u>N/A</u>

   (2)  Non-monetary offer: <u>N/A</u>

4.  The parties [have <u> ✓ </u> have not<u>  </u>] met pursuant to Fed. R. Civ. P. 26(f):

The meeting went forward on October 9, 2023.

5.  The parties [have<u>  </u> have not <u> ✓ </u>] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

  Due to personal and professional scheduling conflicts, additional time is required to prepare the disclosures. The parties will exchange their Rule 26 disclosures on October 23, 2023.

6.  Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1).

  None at this time.

7.  The parties [have<u>  </u> have not <u> ✓ </u>] filed disclosures of third-party litigation funding. See Local Civil Rule 7.1.1.

  The parties do not have any third-party sources of litigation funding.

8.  The parties [have<u>  </u> have not <u> ✓ </u>] conducted discovery other than the above disclosures. If so, describe.

9.  Proposed joint discovery plan: The parties disagree as to whether discovery should go forward at this time. It is the Union's position that discovery should presently go forward, while it is ILA's position that discovery should be stayed until a date that follows the Court's resolution of Defendants' pending motion to dismiss the Union's Amended Complaint.

  (a)  Subjects of discovery:

<u>Plaintiffs seek discovery on the following subjects:</u>

  &bull;  Liability for/merits of the Union's claim(s), including, without limitation, discovery concerning the negotiation and execution of the LOU, discovery of communications concerning the LOU, discovery of communications

4

between Defendants and PNCT concerning the LOU and the Crane Project, and discovery of communications between Defendants and other third parties concerning the LOU, Crane Project, and the Union's other work at the Terminal and/or Port Newark;

- Exploration of all defenses asserted.

If and when discovery goes forward, the ILA seek discovery on Plaintiff's allegations, claims and purported damages.

(b)    Discovery [should (see below) should not (see below)] be conducted in phases or be limited to particular issues. Explain.

There is a dispute between the parties as to whether fact discovery should be conducted in phases. If all discovery is not stayed until resolution of the motion to dismiss is decided, then it is the ILA's position that fact "paper" discovery should be completed first, before any fact depositions are conducted. It is the Union's position that there should not be any limitations placed on when fact depositions can be conducted.

(c)    Proposed schedule [assuming discovery goes forward at this time]:

(1)    Fed. R. Civ. P. 26 Disclosures: October 23, 2023;

(2)    E-Discovery conference pursuant to L. Civ. R. 26.1(d): October 9, 2023, with additional discussions to take place regarding specific search terms and parameters

(3)    Service of initial written discovery: November 16, 2023;

(4)    Maximum of 25 Interrogatories by each party to each other party;

(5)    Maximum of 10 depositions to be taken by each party;

(6)    Motions to amend or to add parties to be filed by: April 15, 2024;

(7)    Factual discovery to be completed by: September 16, 2024;

(8)    Plaintiff's expert report due on: October 16, 2024;

(9)    Defendant's expert report due on: November 15, 2024;

(10)    Expert depositions to be completed by: December 31, 2024;

(11)    Dispositive motions to be served within (sixty) days of completion of discovery.

(d)    Set forth any special discovery mechanism or procedure requested.

5

#3334904

None at this time.

(e)      A pretrial conference may take place on: <u>To Be Determined</u>;

(f)      Trial date: <u>To Be Determined</u> (_____Jury Trial; ✓_____ Non-Jury Trial).

10.    Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)?

Yes _____No ✓_____. If so, please explain.

11.    Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?

Yes _____No ✓_____.

If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

12.    Do you anticipate entry of a Discovery Confidentiality Order? <u>See</u> L. Civ. R. 5.3(b) and Appendix S.:

Yes __✓____No_____.

13.    Do you anticipate any discovery problem(s) not listed above?

Yes _____No ✓_____.

14.    State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.)

Not at this time.

15.    Is this case appropriate for bifurcation? Yes _____No ✓____.

16.    An interim status/settlement conference (with clients in attendance), should be held in <u>To Be Determined</u>.

17.    We [do _____ do not __✓____] consent to the trial being conducted by a Magistrate Judge.

6

#3334904

18.     Identify any other issues to address at the Rule 16 Scheduling Conference.

None at this time.

DeCOTIIS, FITZPATRICK, COLE & GIBLIN, LLP
*Attorneys for Plaintiffs*

By:     /s/ Alexander Hemsley, III

Date:   October 9, 2023

MAZZOLA MARDON, P.C.
*Attorneys for Defendants*

By:     /s/ John P. Sheridan
        /s/ Nicholas Graziano
        /s/ Brian Jasinski

Date:   October 9, 2023

7