UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 825,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, INTERNATIONAL LONGSHOREMEN'S ASSOCIATION LOCAL 1233, INTERNATIONAL LONGSHOREMEN'S ASSOCIATION 1235, and INTERNATIONAL LONGSHOREMEN'S ASSOCIATION LOCAL 1804-1,<br><br>Defendants. | Civil Action No.<br><br>23-cv-03689 (KM) (JRA)<br><br>**PRETRIAL SCHEDULING ORDER** |

**THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on **October 16, 2023**, and for good cause shown:

**IT IS, on this 17th day of October 2023, ORDERED THAT:**

### I.   WRITTEN FACT DISCOVERY

1. Pending the resolution of Defendants' Motion to Dismiss at ECF No. 13, the parties shall engage in ***written (or paper) fact discovery only***. No additional discovery (including fact witness depositions or expert discovery) may occur without leave of Court.

2. At any time prior to the resolution of Defendants' Motion to Dismiss, the Court may revisit this Order, either *sua sponte* or at the request of a party.

1

3. Any party may request leave to conduct additional discovery. However, before petitioning the Court, the parties shall meet and confer in good faith to discuss the additional discovery sought. Only after meeting and conferring may the parties seek leave to conduct additional discovery. Requests for leave to conduct additional discovery shall be made by filing one joint letter, not to exceed five (5) pages, which succinctly describes the additional discovery sought, and states each party's position as to why such discovery is (or is not) necessary, in light of the status of the case.

## II. DISCLOSURES

4. Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **October 23, 2023**.

## II. E-DISCOVERY CONFERENCE

5. The E-Discovery conference pursuant to L.Civ.R. 26.1(d) shall take place on or before **October 23, 2023**.

## III. DISCOVERY

6. Written fact discovery is to remain open through **March 18, 2024**. No written fact discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

7. The parties may serve initial requests for production of documents and interrogatories on or before **November 16, 2023**, to be responded to within thirty (30) days of receipt. Consistent with Fed. R. Civ. P. 33(a)(1), the parties are limited to twenty-five (25) interrogatories, including all discrete subparts.

8. Counsel shall confer in a good faith to attempt to resolve any and all discovery or case management disputes **before** seeking the Court's intervention. See L.Civ.R. 37.1(a)(1); see also L.Civ.R. 16.1(f)(1). Should such efforts fail to resolve the dispute, the parties must raise the discovery dispute through a joint letter and shall do so in a manner consistent with the Court's Case Management Order, available at https://www.njd.uscourts.gov/sites/njd/files/JRAPreferences.pdf.

Failure by any party to meet and confer in good faith or participate in the joint letter protocol will result in the Court deeming that party to have waived its right to take any position on the discovery issue(s) in dispute.

**No discovery motion or motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth in these paragraphs without prior leave of Court.**

Discovery disputes shall be brought to the Court's attention no later than **February 18, 2024**. The Court will not consider any discovery dispute (other than those arising during depositions) brought to its attention after this date. If an unresolved dispute arises at a deposition, then the parties shall contact the Chambers of the Undersigned for assistance during the deposition. Failure to contact Chambers for intervention before adjourning that deposition may constitute waiver of the right to seek relief from the Court.

### IV. DISCOVERY CONFIDENTIALITY ORDERS

9. Any proposed Discovery Confidentiality Order agreed to by the parties must strictly comply with Fed. R. Civ. P. 26(c) and L.Civ.R. 5.3. See also Glenmede Trust Co. v. Thompson, 56 F.3d 476 (3d Cir. 1995); Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994). Counsel are advised that a sample form of Discovery Confidentiality Order is contained in Appendix S to the Local Civil Rules. If the parties submit a confidentiality order that differs from Appendix S, they must submit: (1) a clean version of the proposed order that is ready for signature; and (2) a redline version that indicates the differences between the proposed order and the Appendix S order.

### V. FUTURE CONFERENCES

10. The Court may from time to time schedule further conferences as may be required, either *sua sponte* or at the request of a party.

11. All counsel are required to be on time and ready to proceed for all scheduled proceedings. In cases where the Court schedules telephonic status conferences involving incarcerated litigants, opposing counsel is directed to coordinate with the prison facility to have all parties on the conference call ahead of time and shall initiate the call at the scheduled time with all parties present.

12. Counsel should be prepared to discuss settlement at every conference with the Court. For settlement conferences, the senior attorney in charge of the case and the client(s) with full settlement authority must attend. In cases involving insurance companies and other corporate or business entities, the executive with settlement authority must be available for the conference.

13. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all parties.

14. A copy of every pleading, document, or written communication with the Court shall be served on all other parties to the action or may be disregarded by the Court.

## VI. MOTIONS

15. **No motions are to be filed without prior written permission from this Court, except motions in lieu of Answer under Fed. R. Civ. P. 12.** These prerequisites must be met before any motions are filed and the motions will be returned if not met. All calendar or dispositive motions, if permitted, shall comply with L.Civ.R. 7.1(b) and other applicable local and federal rules.

16. Any request for leave to file a motion to add new parties or amend pleadings, whether by amended or third-party complaint, must be filed not later than **January 17, 2024**. Before seeking Court leave to file a motion to amend a pleading, a party shall circulate the proposed amended pleading among all parties in an effort to obtain consent to the amendment. Any request for leave of the Court to file a motion to amend shall contain a redlined version of the proposed amended pleading as an exhibit.

17. All dispositive motions must first be subject to a dispositive motion pre-hearing. Discovery generally must be completed prior to the filing of a dispositive motion.

18. **FAILURE TO FOLLOW THIS ORDER MAY RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.**

HON. JOSÉ R. ALMONTE
UNITED STATES MAGISTRATE JUDGE

Original:   Clerk of the Court
    cc:   Hon. Kevin McNulty, U.S.D.J.
         All Parties